IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 15-cr-00073-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  KENNETH BREWINGTON,

      Defendant.

---

## ORDER GRANTING ENDS OF JUSTICE CONTINUANCE

---

The matter is before me on Defendant's Unopposed Motion to Vacate All Current Deadlines, Vacate the Current Trial Date, and Exclude 180 Days From the Speedy Trial Act [Docket No. 24], wherein defendant requests that the Court exclude 180 days from the Speedy Trial period and continue the motions deadline and trial set in this case. The motion indicates that the United States does not oppose the request. *Id.* at 6.

The trial in this matter is currently set for May 18, 2015; motions are due on or before April 13, 2015. I find that, conservatively, 50 days remain in the Speedy Trial Act period based on defendant's initial appearance in this District on March 11, 2015.

Defendant's motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h), which provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .

> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act serves two distinct interests:  first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions.  *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007).  The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.  *See* 18 U.S.C. § 3161(c)(1); *Zedner v. United States*, 547 U.S. 489, 497 (2006).  Certain periods of delay are excluded and do not count toward the 70-day limit.  *See* 18 U.S.C. § 3161(h)(1)-(8).  Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'"  *United States v. Hill,* 197 F.3d 436, 440-41 (10th Cir. 1999) (quoting former 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied.  *Id*. at 441.  First, I must consider the following factors listed in § 3161(h)(7)(B):

> (i)      Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii)       Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

(iii)      Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv)      Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*., § 3161(h)(7)(A).  Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id*. (quoting *Doran*, 882 F.2d at 1516).

The indictment in this case charges one count of conspiracy to commit wire fraud and mail fraud, one count of mail fraud, and six counts of wire fraud. The conspiracy is alleged to have occurred between September 2009 and 2011. *See* Docket No. 1 at 5.

The defendant says that the discovery is voluminous. Docket No. 24 at 4. He estimates that 100,000 pages of documents have been produced to date and that up to 20,000 pages more may be produced in the future. He indicates that if his attorney reviews 20,000 pages per month, it will take approximately 180 days to review this amount of discovery. In addition, the defendant states that 115 audio recordings have been produced, that potential witnesses are "scattered throughout the country," and that it is likely that expert witnesses will have to be identified and retained.

I find that defendant's estimate of the amount of time that his attorney will reasonably need to review the discovery is reasonable for this type of case, especially given that witness interviews and expert witness work will take place during that time as well. I therefore find that the exclusion of 180 days is justified and is necessary to allow defense counsel adequate time review the discovery, to interview witnesses, to file and litigate motions, and to prepare for trial. I also find that it would be unreasonable to expect adequate preparation by defendant, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.

Accordingly, I conclude as follows:

4

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2)  That, even considering due diligence of defense counsel, failure to grant the motion would deny counsel for defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That 180 days from the date of this order should be excluded from the computation of speedy trial; and

(4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and the defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE,** it is:

1. **ORDERED** that Defendant's Unopposed Motion to Vacate All Current Deadlines, Vacate the Current Trial Date, and Exclude 180 Days From the Speedy Trial Act [Docket No. 24] is **GRANTED**.  It is further

2.  **ORDERED** that the pretrial motions deadline of April 13, 2015 is vacated.  All pretrial motions shall be filed by October 5**,** 2015 and responses to these motions shall be filed by October 19, 2015.  It is further

3.  **ORDERED** that the Trial Preparation Conference currently scheduled for May 15, 2015 at 3:30 p.m., as well as the trial, currently scheduled to begin on May 18, 2015 at 8:00 a.m., are vacated.  The Trial Preparation Conference will be rescheduled

for November 13, 2015 at 11:00 a.m. and the trial reset for November 16, 2015 at 8:00

a.m. for five days.  It is further

    4.  **ORDERED** that 180 days from the date of this order shall be excluded from

the computation of the speedy trial deadlines under the Speedy Trial Act of 1974, 18

U.S.C. §§ 3161 - 3174.

    DATED April 9, 2015.

                                BY THE COURT:

                               s/Philip A. Brimmer
                               PHILIP A. BRIMMER
                               United States District Judge