IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 15-cr-00073-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. KENNETH BREWINGTON,

    Defendant.
_____

**ORDER**
_____

    This matter comes before the Court on defendant Kenneth Brewington's Motion for Release on Bond Pending Appeal [Docket No. 288]. The United States has filed a response opposing the motion. Docket No. 296. On May 18, 2018, a jury convicted Mr. Brewington of eleven of twelve counts charged in the Superseding Indictment. Docket No. 250. On August 21, 2018, the Court sentenced Mr. Brewington to 70 months imprisonment, continued his bond, and ordered him to self-surrender within 15 days after the Bureau of Prisons designated the facility in which he is to serve his sentence. Docket No. 284 at 2.

    Requests for release pending appeal are governed by 18 U.S.C. § 3143(b). A person who has been found guilty of a criminal offense, has been sentenced to imprisonment, and has filed an appeal must be detained pending appeal unless the court finds that (1) the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) the appeal will not be filed for the

purpose of delay; and (3) the appeal will raise a substantial question of law or fact which, if decided favorably to the defendant, is likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. See 18 U.S.C. § 3143(b)(1); *United States v. Affleck*, 765 F.2d 944, 953 (10th Cir. 1985) (en banc). The defendant has the burden of proving the first requirement by clear and convincing evidence and the other requirements by a preponderance of the evidence. *Id.* at 953 n.15. The material issues raised by Mr. Brewington's motion are, first, whether his appeal will raise a substantial question of law or fact and, second, whether such substantial question, if decided in his favor on appeal, would result in reversal or a new trial.[1]

A substantial question is "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Id.* at 952, quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985). "[W]hether a particular question is 'substantial' must be determined on a case-by-case basis." *Id.* The defendant argues that "[v]arious motions to exclude or limit evidence were filed by the defense and overruled by the Court, to significant degrees." Docket No. 288 at 8. After listing some of these motions, the defendant states that the "result of the various rulings was a flood of unduly prejudicial, case changing information admitted against Mr. Brewington. . . ." *Id.* In particular, Mr.

---

[1] Mr. Brewington does not argue that his appeal would result in a sentence other than imprisonment or a sentence less than the time he has already served plus the duration of the appeal process.

2

Brewington states that he offered the testimony of Ms. Devon Harrison, "whose testimony was significantly limited by the Court." *Id.*

As to Ms. Harrison, Mr. Brewington does not identify what testimony the Court excluded and why the Court's exclusion of that testimony was arguably erroneous. Without knowing the specifics of the excluded testimony, it is not possible for the Court to determine whether its exclusions of such testimony raise a "substantial question" under § 3143(b)(1)(B). Other than Ms. Harrison, defendant lists a number of motions that the Court denied. *Id*. He does not identify what aspect of the motions the Court denied, what evidence the rulings had the effect of excluding, or why the rulings were "close" or could have been decided the other way. Additionally, Mr. Brewington states that "sentencing issues are also substantial." *Id*. at 9. He does not identify what sentencing rulings were arguably erroneous. Once again, without knowing specifically what the Court excluded and why the rulings were improper, it is impossible for the Court to determine whether Mr. Brewington's appeal of these issues will raise a substantial question. Thus, the Court finds that Mr. Brewington has failed to demonstrate by a preponderance of the evidence that his appeal will raise a substantial question pursuant to § 3143(b)(1).

Given that Mr. Brewington has failed to carry his burden of showing that his appeal will raise a substantial question, he also fails to demonstrate by a preponderance of the evidence that his appeal will likely result in a reversal or a new trial. In order for the Court to consider this requirement, it is necessary that the Court identify a substantial question. As a result of these conclusions, the Court does not find

it necessary to consider whether Mr. Brewington has sustained his burden of proof as to the first two requirements of § 3143(b)(1). Wherefore, it is

**ORDERED** that defendant's Motion for Release on Bond Pending Appeal [Docket No. 288] is denied.

DATED September 13, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge