IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 15-cr-00073-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. KENNETH BREWINGTON,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on defendant Kenneth Brewington's Second Motion for Release on Bond Pending Appeal [Docket No. 302]. The United States has filed a response opposing the motion. Docket No. 305. On May 18, 2018, a jury convicted Mr. Brewington of eleven of twelve counts charged in the Superseding Indictment. Docket No. 250. On August 21, 2018, the Court sentenced Mr. Brewington to 70 months imprisonment, continued his bond, and ordered him to self-surrender within 15 days after the Bureau of Prisons designated the facility in which he is to serve his sentence. Docket No. 284 at 2. After the Bureau of Prisons designated Mr. Brewington to USP Lompoc (SCP North), the Court ordered him to surrender by 2:00 p.m. on September 27, 2018. Docket No. 298.

On September 5, 2018, Mr. Brewington filed a Motion for Release on Bond Pending Appeal [Docket No. 288]. The Court denied this motion on September 13, 2018. Docket No. 297.

As noted in the Court's order denying the defendant's first motion, requests for release pending appeal are governed by 18 U.S.C. § 3143(b). A person who has been found guilty of a criminal offense, has been sentenced to imprisonment, and has filed an appeal must be detained pending appeal unless the court finds that (1) the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) the appeal will not be filed for the purpose of delay; and (3) the appeal will raise a substantial question of law or fact which, if decided favorably to the defendant, is likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *See* 18 U.S.C. § 3143(b)(1); *United States v. Affleck*, 765 F.2d 944, 953 (10th Cir. 1985) (en banc). The defendant has the burden of proving the first requirement by clear and convincing evidence and the other requirements by a preponderance of the evidence. *Id.* at 953 n.15. The material issues raised by Mr. Brewington's motion are, first, whether his appeal will raise a substantial question of law or fact and, second, whether such substantial question, if decided in his favor on appeal, would result in reversal or a new trial.[1]

A substantial question is "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Id.* at 952, quoting *United States v. Giancola*, 754 F.2d 898,

---

[1] Mr. Brewington does not argue that his appeal would result in a sentence other than imprisonment or a sentence less than the time he has already served plus the duration of the appeal process.

901 (11th Cir. 1985). "[W]hether a particular question is 'substantial' must be determined on a case-by-case basis." *Id.*

The defendant bases his motion on the Court's rulings as to two categories of evidence: the testimony of Ms. Devon Harrison and certain Fed. R. Evid. 404(b) rulings.

As to Ms. Harrison, Mr. Brewington argues that the Court improperly limited her testimony at trial. In particular, Mr. Brewington claims that:

> Ms. Harrison's complete proposed testimony, as provided in the offer of proof when she was called, was relevant to the jurors' consideration of the many statements made in recordings and testimony about everything from bankers, to proofs of funds, to Shannon Johnson, to ABN-AMRO, to overseas funds, and to Mr. Brewington believing in all of it. The government characterized everything Mr. Brewington said about such things as out and out fraud. Since he was found guilty, both the government and the Court have assumed that the jurors did not believe what Mr. Brewington told them about Shannon Johnson.

Docket No. 302 at 5.

After Mr. Brewington announced that he was calling Ms. Harrison as a witness, the Court held a bench conference, where the government objected that Mr. Harrison's testimony, which involved contact with Shannon Johnson years earlier and under different circumstances, was irrelevant to Mr. Brewington's state of mind. Mr. Brewington then made an offer of proof regarding Ms. Harrison's testimony. The Court ruled that Ms. Harrison could testify generally that she met Mr. Johnson and what period of time she dealt with him, she saw his house, she discussed investments with him, Mr. Johnson was someone who purported to be wealthy, she traveled with him, and the money Mr. Johnson promised her never materialized. Ms. Harrison testified within the scope of this ruling, describing Mr. Johnson's lavish lifestyle, that he invested in her business, that she "full heartedly relied on his representations," that such

3

representations never came to fruition, and that she did not get any of the funding she was expecting from him.

Mr. Brewington asserts that the Court limiting her to general testimony prejudiced him because the "details of her 'business' experience with Shannon Johnson are what would allow jurors to actually confirm the reality of Johnson and that he had the energy, imagination, and acumen to pull an unknowing Ken Brewington into a victimizing fraud." Docket No. 302 at 5. The government responds by stating that the issue for the jury was Mr. Brewington's intent, not "an unrelated victim's state of mind," Docket No. 305 at 2, and that the excluded testimony "may well have improperly shifted the jury's attention away from defendant's knowledge and intent." *Id*. at 3.

The Court finds that Mr. Brewington has failed to demonstrate by a preponderance of the evidence that his appeal of the Court's limitation on Ms. Harrison's testimony will raise a substantial question pursuant to § 3143(b)(1). First, Mr. Brewington has not raised a "substantial question" in regard to the Court's ruling on the scope of Ms. Harrison's testimony. The details that Mr. Brewington wanted to introduce were not relevant to the charges, given that they involved different types of investments made at a different time period. *See United States v. Puckett*, 692 F.2d 663, 671 (10th Cir. 1982). Moreover, the Court finds that Mr. Brewington has not shown that, had the Court allowed the testimony as proposed in the offer of proof during trial, such testimony was "likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1). Mr. Brewington testified at

4

length about what Mr. Johnson told him and the circumstances that caused Mr. Brewington to trust Mr. Johnson. Even if the Court had allowed Ms. Harrison to recount the details that were excluded, ultimately the jury had the task of assessing the defendant's credibility. Ms. Harrison's excluded details would have formed but a tiny piece of evidence that spanned seven days. It is highly unlikely that Ms. Harrison's more detailed testimony would have caused the jury to believe Mr. Brewington, which the verdict shows it did not. The Court allowed Ms. Harrison to confirm Shannon Johnson's existence, to corroborate that he appeared to have lots of money, to testify that she trusted him enough to enter into a business deal with him, and that, in the end, his promises were not fulfilled and she did not receive any money from him. This enabled Mr. Brewington, in his closing argument, to claim that Shannon Johnson duped Mr. Brewington with his appearance of wealth just like he had duped Ms. Harrison. Thus, Mr. Brewington was not precluded from introducing and arguing the salient points of Ms. Harrison's evidence.

Mr. Brewington also argues that the Court erred in allowing the government to introduce evidence regarding the company Ten X. Docket No. 302 at 7. At the January 4, 2018 motions hearing, the Court allowed the government to introduce that evidence through both Rule 404(b) and as intrinsic evidence to explain the nature of the relationship between Mr. Elrod and Mr. Brewington. The defendant provides no convincing explanation for that ruling raising a substantial question. Moreover, the defendant fails to show by a preponderance of the evidence that the verdict would likely have been different if the Court had ruled differently.

5

Mr. Brewington claims that the Court should have excluded the testimony of witness D.A. about giving Mr. Brewington $700,000 in order to enable Shannon Johnson to open a line of credit to access Mr. Brewington's 500 million Euros in an ABN AMRO account.  At the January 4, 2018 hearing, the Court allowed the government to present this evidence under Rule 404(b) as pertinent to the government being able to demonstrate that Mr. Brewington's representations regarding his wealth were false, given that this story differed from the story that Mr. Brewington told to investors and witnesses regarding the charges in the case.  The Court provided a contemporaneous Rule 404(b) limited purpose admonition to the jury about this testimony.  Although the defendant renews his argument that the testimony had nothing to do with the charges, the Court believes otherwise and therefore finds that Mr. Brewington fails to raise a substantial question.  The Court also finds that Mr. Brewington provides no basis to believe that there is a likelihood that, had the Court excluded such evidence, the verdict would have been different.

Finally, Mr. Brewington claims that the Court should have excluded the Rule 404(b) testimony of witness O.T.  Docket No. 302 at 8.  Witness O.T. gave $200,000 to Mr. Brewington to get a loan of $14 million.  John Branch, purporting to be Mr. Brewington's attorney, sent O.T. a fraudulent ABN AMRO document stating that the bank reserved one billion Euro on behalf of the defendant's company Brewington Holdings.  A friend of O.T., C.H., determined that this document was false and emailed Mr. Branch to that effect.  Mr. Branch forwarded the email to the defendant the next day.  The Court provided contemporaneous limited purpose admonitions.  The defendant asserts that this evidence was irrelevant to the charges, but, as with the ABN

6

AMRO evidence involving witness D.A., the evidence regarding ABN AMRO differed from the ABN AMRO representations that Mr. Brewington made to witnesses and investors regarding the charged conduct. As a result, it was relevant to whether Mr. Brewington actually believed that the funds existed or whether he had access to them. Therefore, the Court finds that Mr. Brewington fails to raise a substantial question about the admission of the O.T.-related evidence and also finds that Mr. Brewington provides no basis for the Court to conclude that there is a likelihood, had the Court excluded such evidence, that the verdict would have been different.

As a result of the Court's findings, it is not necessary to consider whether Mr. Brewington has sustained his burden of proof as to the first two requirements of § 3143(b)(1). Wherefore, it is

**ORDERED** that defendant's Second Motion for Release on Bond Pending Appeal [Docket No. 302] is denied. It is further

**ORDERED** that defendant's Motion to Extend Time for Self-Surrender [Docket No. 304] is denied.

DATED September 26, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge