IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 15-cr-00073-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  KENNETH BREWINGTON,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Docket No. 385].

The Court will deny Mr. Brewington's motion. First, although Mr. Brewington filed his motion *pro se*, he is represented by counsel. "Because there is no constitutional right to 'a hybrid form of representation,' when defendants have the assistance of counsel, courts need not consider any filings made pro se." *United States v. Sandoval-De Lao*, 283 F. App'x 621, 625 (10th Cir. 2008) (unpublished) (quoting *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995)); *see also United States v. Castellon*, 218 F. App'x. 775, 780 (10th Cir. 2007) (unpublished) ("[W]here a defendant is represented by counsel, we do not accept pro se filings or allegations.").

Second, 18 U.S.C. § 3582(c)(1)(A) permits a district court to "reduce [a] term of imprisonment" in certain circumstances "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on

the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Mr. Brewington has not discussed the exhaustion requirement or explained how the warden at his facility could have received a request from him, given that he has yet to surrender. Thus, the motion is premature. *See, e.g.*, *United States v. Staggs*, 2020 WL 7625229, at *3 (D. Or. Dec. 22, 2020) (denying compassionate release motion as premature where inmate had not yet surrendered); *United States v. Konny*, 463 F. Supp. 3d 402, 404 (S.D.N.Y. 2020) (holding that based on the "plain terms" of statute, only defendants who have begun serving their term of imprisonment at a BOP facility are eligible for compassionate release); *United States v. Picardo*, 2020 WL 6501730, at *2 (D.N.J. Nov. 5, 2020) (denying compassionate release to defendant who had not yet reported to begin serving his 366-day sentence for tax evasion); *United States v. Spruill*, 2020 WL 2113621, at *3 (D. Conn. May 4, 2020) (finding a motion for compassionate release premature when made before the defendant began his custodial sentence and concluding that the court lacked the authority to resentence the defendant).

Wherefore, it is

**ORDERED** that the defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Docket No. 385] is **DENIED** without prejudice.

DATED August 2, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge